STATE of Minnesota, Respondent,

v.

Donald James ABBOTT, Appellant.

No. C9–83–223.

Supreme Court of Minnesota.

Oct. 26, 1984.

C. Paul Jones, Public Defender, Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John E. Mac Gibbon, Sherburne County Atty., Richard D. Clough, Asst. County Defender, Elk River, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of a charge of felony murder (murder in the second degree), Minn.Stat. § 609.19 (1982), for the unintentional killing of William Gerald Berry in the commission of felony assault upon Berry early on June 18, 1982. The trial court sentenced defendant to an executed prison term of 135 months, which is within the presumptive sentence range of 133–147 months for a severity level X offense by a person with a criminal history score of one.[1] On this appeal, defendant seeks (1) an outright reversal of his conviction because the evidence of his guilt was legally insufficient and because his conviction is barred by the so-called "merger doctrine," or (2) a new trial because the attorney who prosecuted him was not properly appointed an assistant county attorney, his trial counsel failed to represent him effectively, and the trial court prejudicially erred in its evidentiary rulings and instructions. We affirm.

■■■ 1. Defendant's first contention, that the evidence of his guilt was legally insufficient, is without merit. The state's evidence established that during an argument with the victim defendant pulled a knife and, without justification, intentionally stabbed the victim in the chest, causing his death. Defendant's related contention is that we should adopt the so-called "merger doctrine," that a felony cannot support a conviction for a felony murder unless the felony is independent of the homicide—something that defendant argues is not the case when the underlying felony is an assault. We expressly declined to adopt such a doctrine in *State v. Jackson*, 346 N.W.2d 634 (Minn.1984), filed while this appeal was pending.

2. Defendant makes six main arguments in support of his alternative request for a new trial.

■■ (a) Defendant argues first that he was denied due process because the attorney who prosecuted him was not properly appointed an assistant county attorney. Defendant apparently did not raise the issue in the trial court. He has not cited any authority that would require vacation of his conviction on this basis.· We hold that even if the prosecutor's appointment was technically defective, the defect did not prejudice defendant or deprive him of a fair trial. *Wingfield v. State*, 89 Okl.Cr. 45, 205 P.2d 320 (1949), *overruled on other grounds*, *Hommer v. State*, 657 P.2d 172 (Okl.Cr.· App.1983).

■■ (b) Second, defendant argues that the trial court erroneously admitted a statement he made to the police during a police interrogation of him after he requested counsel. Defendant did request an attorney but only in connection with the taking of a blood test to determine his blood alcohol level. It is questionable whether that request constituted a clear assertion of his desire to deal with the police only through counsel. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *State v. Howard*, 324 N.W.2d 216 (Minn.1982). In any event, the statement in question was not made in response to police "interrogation," *Rhode Island v. Innis*, 446 U.S. 291, 298, 100 S.Ct. 1682, 1688, 64 L.Ed.2d 297 (1980), but was a spontaneous, volunteered statement made while police were asking routine booking questions, *State v. Widell*, 258 N.W.2d 795 (Minn.1977). Also, the evidence was cumulative to evidence, which defendant does not contend was improperly admitted, of other similar statements defendant made earlier. *State v. Kulseth*, 333 N.W.2d 635 (Minn.1983).

■■ (c) Defendant's next contention is that the trial court erred in refusing to

---

**1.** Effective November 1, 1983, the severity level of felony murder was retroactively reduced from X to IX, thereby changing the presumptive sentence duration in defendant's case to 119 (116–122) months. The issue whether defendant is entitled to have his sentence reduced is not before us.

allow him to call a number of witnesses to testify concerning misconduct occurring in February of 1982 in which the victim assaulted and threatened some police officers. In *State v. Bland,* 337 N.W.2d 378 (Minn.1983), we discussed in detail the issue of admission of evidence of past acts of violence by the victim in those cases in which a defendant charged with assaulting or killing the victim wants to use the evidence to establish either that he reasonably feared the victim or that the victim was the aggressor. We do not decide whether the trial court erred in this case in excluding the evidence in question. Defendant was able to testify, without objection, to a number of instances of misconduct by the victim, including what he knew about the February 1982 incident. The prosecutor did nothing to impeach defendant's testimony concerning those events, and there is no reason to believe that the jury did not credit defendant's testimony concerning them. Therefore, the evidence in question was cumulative and, regardless whether or not it was properly excluded, its exclusion did not prejudice defendant.

■ (d) Defendant also contends that the trial court erred in refusing to bar the use of defendant's prior conviction, a 1974 assault conviction, to impeach his credibility when he testified. On numerous occasions we have decided the issue of using prior convictions to impeach a defendant. The applicable rule is Minn.R.Evid. 609. Leading cases applying the rule include *State v. Bettin,* 295 N.W.2d 542 (Minn. 1980), and *State v. Brouillette,* 286 N.W.2d 702 (Minn.1979). In this case the court's refusal to bar impeachment use of the prior conviction did not have the effect of keeping defendant's version of the events from the jury. Defendant did testify and the credibility of his testimony with respect to the circumstances of the killing was in issue. That being so and given the trial court's broad discretion under our cases, we conclude that the trial court did not err in refusing to bar the use of defendant's prior conviction.

■ (e) Defendant's next argument, that the trial court committed plain error in failing to give an accident instruction, is answered by our recent decision in *State v. Edwards,* 343 N.W.2d 269 (Minn.1984). In *Edwards* we held that it is not error for the trial court to refuse to give an accident instruction, even in a case in which the defendant claims that the homicide was accidental, as long as the court's instructions on intent and related matters were adequate. In this case the trial court's instructions were adequate, and we are satisfied that the jury would have found defendant not guilty if it had believed that the killing was an accident rather than the result of an intentional assault.

■ (f) Defendant's final contention is that his trial counsel failed to represent him effectively. Our examination of the record satisfies us that defendant was adequately represented.

Affirmed.